UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERIZON NORTH INC.; | § | |
| GTE SOUTHWEST INCORPORATED d/b/a | § | |
| VERIZON SOUTHWEST; | § | |
| VERIZON WIRELESS TEXAS, LLC d/b/a | § | |
| VERIZON WIRELESS; | § | |
| VERIZON TRADEMARK SERVICES LLC; | § | |
| and VERIZON LICENSING COMPANY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Cause No. _____ |
| | § | |
| INTERNET REIT, INC. d/b/a IREIT, INC.; | § | |
| AND DOMAIN MARKETPLACE, INC. | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN, DILUTION, AND UNFAIR COMPETITION**

Plaintiffs, Verizon North Inc., GTE Southwest Incorporated d/b/a Verizon Southwest,

Verizon Wireless Texas, LLC d/b/a Verizon Wireless, Verizon Trademark Services LLC and

Verizon Licensing Company (collectively "Plaintiffs"), by and through their attorneys, file their

complaint against INTERNET REIT, INC. d/b/a IREIT, INC. and DOMAIN MARKETPLACE,

INC. (collectively "Defendants"), for injunctive relief and damages as follows:

**SUBJECT MATTER JURISDICTION AND VENUE**

1.      This is an action for cybersquatting under 15 U.S.C. § 1125(d); for trademark

infringement under 15 U.S.C. § 1114(1); for false designation of origin under 15 U.S.C. §

1125(a); for dilution under 15 U.S.C. § 1125(c) and V.T.C.A., Tex. Bus. & Comm. Code Ann.

§ 16.29; and trademark infringement and unfair competition under Texas common law. This

Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C.

§§ 1331 and 1338.

2.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of Texas pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiffs occurred in this District by reason of Defendant's conduct as alleged below. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District.

**Parties and Personal Jurisdiction**

4.     Plaintiff Verizon North Inc., is a Wisconsin corporation with its principal place of business in Fort Wayne, Indiana ("Verizon North").

5.     Plaintiff GTE Southwest Incorporated d/b/a Verizon Southwest is a Delaware corporation with its principal place of business in Irving, Texas ("Verizon Southwest").

6.     Plaintiff Verizon Wireless Texas, LLC d/b/a Verizon Wireless is a Delaware limited liability company with its principal place of business in Lewisville, Texas.

7.     Plaintiff Verizon Trademark Services LLC is a Delaware limited liability company with its principal place of business in Arlington, Virginia ("Verizon Trademark Services").

8.     Plaintiff Verizon Licensing Company is a Delaware corporation with its principal place of business in Arlington, Virginia ("Verizon Licensing").

9.     Defendant INTERNET REIT, INC. d/b/a IREIT, INC. is a Delaware corporation having its principal place of business in Houston, Texas. ("iREIT"). This Court has personal jurisdiction over iREIT because it conducts substantial business within this district related to the

unlawful activities at issue in this Complaint and resides in this district. The harm suffered by Plaintiffs flows directly from the business conducted by iREIT within this district.

10.     Defendant DOMAIN MARKETPLACE, INC. is a Texas corporation having its principal place of business in Houston, Texas. ("Domain Marketplace"). This Court has personal jurisdiction over Domain Marketplace because it conducts substantial business within this district related to the unlawful activities at issue in this Complaint and resides in this district. The harm suffered by Plaintiffs flows directly from the business conducted by iREIT within this district.

## The Businesses of Plaintiffs

### (a) Plaintiff's Use of the VERIZON and VERIZON WIRELESS Marks

11.     In 2000, Bell Atlantic Corporation and GTE Corporation merged to form Verizon Communications Inc. ("Verizon Communications"). Today, Verizon Communications, its subsidiaries and affiliates, including Plaintiffs Verizon North, Verizon Southwest, Verizon Wireless Texas, LLC d/b/a Verizon Wireless, Verizon Trademark Services and Verizon Licensing, form one of the largest, well-known telecommunications companies in the world. Verizon Communications' subsidiaries (collectively referred to as the "Verizon Companies") provide a full array of communications and entertainment product and service offerings, including local, long distance, and wireless telephone services; Internet access; television services; phones; and related equipment. The Verizon Companies have extensive operations in the United States and some of the Verizon Companies also have operations throughout the world.

12.     A publicly traded company on the New York Stock Exchange, Verizon Communications generates annual consolidated operating revenues of approximately ninety billion ($90,000,000,000.00), is a Dow 30 company, and ranks in the top twenty (20) of the

Fortune 500 list. The Verizon Companies employ a diverse workforce of more than two hundred and fifty two thousand (252,000) employees.

13.     Verizon Trademark Services owns the VERIZON and VERIZON WIRELESS trademarks and trade names, as well as logo versions that include a "V Design" above or to the left of the word marks VERIZON and VERIZON WIRELESS (collectively, the "VERIZON Marks").

14.     Verizon Licensing is the exclusive licensor of the VERIZON Marks, and has granted, directly or indirectly, licenses to use the VERIZON Marks to its parent company, Verizon Communications, and to the various Verizon Companies.

15.     The VERIZON Marks were publicized as early as the first week in April 2000. VERIZON Marks have been featured on the Internet, in television and radio advertisements, and in stories published in major newspapers throughout the United States.

16.     The Verizon Companies have offered and provided a full array of communications and entertainment products and services under the VERIZON Marks.

17.     Currently, the Verizon Companies' wireline business uses the VERIZON Marks in connection with the provision of telephone and broadband products and services to consumer and business customers in twenty eight (28) states (including Texas where such products and services are provided by Plaintiff Verizon North) and the District of Columbia serving a territory consisting of more than 46.9 million access lines and 6.1 million broadband connections in sixty seven (67) of the top one hundred (100) United States markets. Telephone and broadband products and services include voice and data transport, enhanced and custom calling features, network access, directory assistance, private lines, public telephones, nationwide long distance services, customer premises equipment distribution, data solutions and systems integration,

billing and collections, Internet access services and inventory management services. These products and services reach one-third of the United States households, and more than one-third of Fortune 500 company headquarters, as well as the United States federal government. The Verizon Companies' wireline business also provides entertainment products and services, including digital television, video on demand and online games. Additionally, some of the Verizon Companies provide telephone and broadband products and services to customers outside of the United States.

18.     Verizon Southwest uses the VERIZON Marks to provide digital television services in the State of Texas.

19.     Verizon Wireless Texas, LLC d/b/a Verizon Wireless uses the VERIZON Marks to provide wireless voice and data services in the State of Texas.

20.     The VERIZON Marks are widely known and recognized among consumers and members of the telecommunications industry throughout the world.

21.     The VERIZON Marks are unique and distinctive and, as such, designate a single source of origin.

22.     The Verizon Companies spend and have spent many millions of dollars each year since 2000 to extensively advertise and promote VERIZON and VERIZON WIRELESS branded products and services in the United States through a variety of media, including television, radio, print advertisements, direct mail, trade shows, conferences, and the Internet.

23.     As a result of the Verizon Companies' extensive and exclusive use, the VERIZON Marks have developed extensive goodwill in the market and are extremely valuable to the Verizon Companies. Verizon Companies expend substantial effort and expense to protect the VERIZON Marks and the VERIZON Marks' distinctiveness in the marketplace.

24.     Having been widely promoted to the general public, and having exclusively identified the Verizon Companies and their products and services, the VERIZON Marks symbolize the tremendous goodwill associated with the Verizon Companies and are a property right of incalculable value. Further, the VERIZON Marks have long enjoyed unquestionable fame as a result of favorable general public acceptance and recognition.

25.     The VERIZON Marks are famous marks protected under 15 U.S.C. § 1125(c).

26.     The Verizon Companies' main Internet websites using the VERIZON Marks and featuring information on many of the products and services of the Verizon Companies can be accessed via the domain names verizon.com and verizon.net, which have used the VERIZON Marks since at least as early as June 2000, and verizonwireless.com, which has used the VERIZON Marks since at least as early as April 2000. Printouts from the websites at verizon.com, verizon.net and verizonwireless.com evidencing such use of the VERIZON Marks are attached as Exhibit 1.

27.     The VERIZON Marks are valid and enforceable trademarks.

28.     Verizon Trademark Services owns the following United States trademark registrations for its various VERIZON Marks:

| Trademark | Reg. No. | Goods/Services | Reg. Date |
|---|---|---|---|
| VERIZON | 2,886,813 | Various goods and services in Int'l Classes 9, 16, 35, 36, 37, 38, 41, and 42. | 9/21/04 |
| VERIZON | 3,085,712 | Various goods and services in Int'l Classes 9, 38, and 41. | 4/25/06 |
| *verizon* | 2,879,802 | Various goods and services in Int'l Classes 9, 16, 35, 36, 37, 38, 41, and 42. | 8/31/04 |

| VERIZON WIRELESS | 3,077,271 | Various goods and services in Int'l Classes 9, 16, 35, 36, and 38. | 4/4/06 |
| --- | --- | --- | --- |
|  | 2,884,027 | Various goods and services in Int'l Class 38. | 9/14/04 |
|  | 3,077,269 | Various goods and services in Int'l Class 9. | 4/4/06 |

Copies of the registration certificates for each registration are attached to this Complaint as Exhibit 2.

### (b) Plaintiffs' Use of the FIOS and VERIZON FIOS Marks

29.     Verizon Trademark Services owns the FIOS and VERIZON FIOS trademarks (collectively, the "VERIZON FIOS Marks").

30.     Verizon Licensing is the exclusive licensor of the VERIZON FIOS Marks, and has granted, directly or indirectly, licenses to use the VERIZON FIOS Marks to the various subsidiaries of Verizon Communications.

31.     The Verizon Companies have offered and provided communications and entertainment products and services under the VERIZON FIOS Marks since at least as early as August 2004.

32.     The Verizon Companies' services provided under the VERIZON FIOS Marks include broadband and television services. The broadband services are designed to provide the fastest and most powerful Internet access offered by the Verizon Companies. The television services include one hundred percent (100%) all digital programming, movies and sports

channels, premium and international channels, expansive HD programming, a video on demand library, interactive features, digital video recording and fiber-quality picture and sound.

33.     The Verizon Companies' services are available to users connected to the Verizon network via the Verizon Companies' "Fiber-To-The-Premises," or FTTP, program. The FTTP program refers to the Verizon Companies' network upgrade that utilizes fiber-optic cables and associated optical electronics instead of copper wire to connect customers to the Verizon network and provide voice services and associated features while offering nearly unlimited bandwidth for an array of data and video applications.

34.     The VERIZON FIOS Marks are unique and distinctive and, as such, designate a single source of origin.

35.     The Verizon Companies spend and have spent significant amounts of money each year since 2004 to advertise and promote aforementioned products and services in the United States in connection with the VERIZON FIOS Marks.

36.     As a result of the Verizon Companies' extensive and exclusive use, the VERIZON FIOS Marks have developed extensive goodwill in the market and are extremely valuable to the Verizon Companies. The Verizon Companies expend substantial effort and expense to protect the VERIZON FIOS Marks and the VERIZON FIOS Marks' distinctiveness in the marketplace.

37.     Having been widely promoted to the general public, and having exclusively identified the Verizon Companies and their products and services, the VERIZON FIOS Marks symbolize the tremendous goodwill associated with the Verizon Companies and is a property right of incalculable value.

38.     The Verizon Companies' main Internet websites using the VERIZON FIOS Marks and featuring information on many of the products and services of the Verizon Companies can be accessed via the domain names verizon.com/fios and verizonfios.com, which have used the VERIZON FIOS Marks since at least as early as August 2004. A printout from the website at verizonfios.com evidencing such use of the VERIZON FIOS Marks is attached as Exhibit 3.

39.     The VERIZON FIOS Marks are valid and enforceable trademarks.

40.     Verizon Trademark Services owns the following United States trademark registrations for its various VERIZON FIOS Marks:

| Trademark | Reg. No. | Goods/Services | Reg. Date |
|---|---|---|---|
| FIOS | 3,001,081 | Various goods and services in Int'l Classes 37 and 38. | 09/27/05 |
| VERIZON FIOS | 3,147,510 | Various goods and services in Int'l Classes 37 and 38. | 09/26/05 |

Copies of the registration certificates for each registration are attached to this Complaint as Exhibit 4.

### The Business of Defendants

41.     Plaintiffs are informed and believe and on that basis allege that Defendants have registered, trafficked in, and/or used, hundreds-of-thousands of domain names.

42.     Plaintiffs are informed and believe and on that basis allege that Defendants have used and/or are using an automated process to register domain names.

43.     Plaintiffs are informed and believe and on that basis allege that many of the domain names registered by Defendants are confusingly similar to famous or distinctive trademarks owned by others ("Confusingly Similar Domain Names"). A list detailing some of

the Confusingly Similar Domain Names is attached to this Complaint as Exhibit 5. For the sake of brevity the list of Exhibit 5 details only one famous trademark for each letter of the alphabet.

44.    Plaintiffs are informed and believe and on that basis allege that Defendants have intentionally provided material and misleading false contact information for some of the Confusingly Similar Domain Names.

45.    Plaintiffs are informed and believe and on that basis allege that Defendants use the Confusingly Similar Domain Names to divert for commercial gain Internet users searching for the famous or distinctive trademarks.

46.    Plaintiffs are informed and believe and on that basis allege that Defendants operate websites at each of the Confusingly Similar Domain Names which display Hypertext Markup Language ("HTML") links featuring goods or services that are directly competitive with those sold or provided in connection with the famous or distinctive trademarks.

47.    Plaintiffs are informed and believe and on that basis allege that Defendants caused pop-up and pop-under advertisements to be displayed when users access the websites at the Confusingly Similar Domain Names.

48.    Plaintiffs are informed and believe and on that basis allege that when Internet users click on one or more of the displayed HTML links or pop-up or pop-under advertisements on the websites, Defendants receives payment from one or more advertisers, search engines, or affiliate programs.

49.    Plaintiffs are informed and believe and on that basis allege that Defendants offer to sell many of the Confusingly Similar Domain Names.

### Defendants and Their Wrongful Conduct

50.    Plaintiffs have not authorized Defendants to use in any way the VERIZON Marks or the VERIZON FIOS Marks.

51.    Plaintiffs are informed and believe and on that basis allege that Defendants have registered over ninety domain names which are confusingly similar to the VERIZON Marks and the VERIZON FIOS Marks, including at least the following:

| | |
|---|---|
| ver4izonwireless.com | verizonbillpayment.com |
| veri8zonwireless.com | verizonblue.com |
| veriaondsl.com | verizonbusuness.com |
| veriaonwirelessrebates.com | verizoncelluler.com |
| veriizonwirless.com | verizoncentra.com |
| verisen.com | verizondr.com |
| verisin.com | verizondslstartpage.com |
| verisionwierles.com | verizonencore.com |
| verisonless.com | verizonetones.com |
| verisonmireless.com | verizonewirelessrebates.com |
| verisonpictures.com | verizongames.net |
| verisonsuperpages.com | verizonhwireless.com |
| verisonwirelass.com | verizonireles.com |
| verisonwirelss.com | verizonlonline.com |
| veritzon.com | verizonlookup.com |
| verivzonwireless.com | verizonmai.com |
| verizionwirelessarena.com | verizononlinedsl.net |
| verizionwirelesss.com | verizononlinewireless.com |
| verizionwirelsess.com | verizonorderstatus.com |
| verizionwirrless.com | verizonphonemart.com |
| verizne.com | verizonpiz.com |
| verizocwireless.com | verizonrigntones.com |
| verizoln.com | verizonringbactones.com |
| verizomwirelss.com | verizonrwireless.com |
| verizon17.com | verizonsmartpages.com |
| verizona.com | verizonspeedtest.com |
| verizonandwireless.com | verizonspendingpree.com |
| verizonawireless.com | verizontransport.com |

verizonview.com

verizonwearless.com

verizonwhitepage.com

verizonwiesless.com

verizonwiirless.com

verizonwire4less.com

verizonwirelaess.com

verizonwirelers.com

verizonwireless-merits.com

verizonwirelessdiscounts.com

verizonwirelessgames.com

verizonwirelessonlinestore.com

verizonwirelesspayasyougo.com

verizonwirelesspic.com

verizonwirelessreabates.com

verizonwirelessryl.com

verizonwirelesstextmessage.com

verizonwirelessx.com

verizonwireloss.com

verizonwireress.com

verizonwirlesess.com

verizonwiroless.com

verizonxireless.com

verizonyahoohome.com

verizorwireless.com

verizov.net

verizson.com

verrizenwireless.com

virizionwirless.com

virizonpcs.com

virizonwieless.com

virizonwierles.com

virizonwirelee.com

virizonwirles.com

vorizonwirelss.com

(collectively, the "VERIZON Related Domain Names").

vfios.com                                                          fios4u.com

(collectively, the "VERIZON FIOS Related Domain Names"). The VERIZON Related Domain Names and the VERIZON FIOS Related Domain Names are collectively referred to as the "Infringing Domain Names." A printout of the whois ownership records for many of the Infringing Domain Names, taken on or around February 18, 2007, is attached to this Complaint as Exhibit 6.

52.    Plaintiffs are informed and believe and on that basis allege that Defendants have intentionally provided material and misleading false contact information for some of the

Infringing Similar Domain Names. A printout of whois ownership records for many of the Infringing Domain Names, taken on or around March 22, 2007, showing Defendants listing "Internet Advertising" as the registrant, listing "111111111" as the registrant's telephone number, listing no fax number, and listing a P.O. Box in the Cayman Islands as the registrant's address, is attached to this Complaint as Exhibit 7.

53.    Plaintiffs are informed and believe and on that basis allege that some of the Infringing Domain Names were used by Defendants but then deleted within 5 days so that Defendants could receive a refund of Defendants' domain name registration costs.

54.    Plaintiffs are informed and believe and on that basis allege that each of the VERIZON Related Domain Names is confusingly similar to the VERIZON Marks and that each of the VERIZON FIOS Related Domain Names is confusingly similar to the VERIZON FIOS Marks.

55.    Plaintiffs are informed and believe and on that basis allege that Defendants used the Infringing Domain Names to divert for commercial gain Internet users searching for the VERIZON Marks and the VERIZON FIOS Marks.

56.    Plaintiffs are informed and believe and on that basis allege that Defendants hosted a website at each of the Infringing Domain Names which displayed HTML links featuring advertisements for goods and services that are directly competitive with those sold or provided in connection with the VERIZON Marks or the VERIZON FIOS Marks. Printouts from the website at many of the Infringing Domain Names are attached to this Complaint as Exhibit 8.

57.    Plaintiffs are informed and believe and on that basis allege that Defendants caused pop-up and pop-under advertisements to be displayed when Internet users accessed the website at each of the Infringing Domain Names. Printouts of some of the pop-up and pop-under

advertisements displayed when users accessed the website at many of the Infringing Domain Names are attached to this Complaint as Exhibit 9.

58.     Plaintiffs are informed and believe and on that basis allege that when Internet users clicked on one or more of the displayed HTML links or pop-up or pop-under advertisements on the website hosted at each of the Infringing Domain Names that Defendants received payments from one or more advertisers, search engines, or affiliate programs.

59.     Plaintiffs are informed and believe and on that basis allege that Defendants offered to sell many of the Infringing Domain Names. A copy of a webpage identifying veri8zonwireless.com as for sale, and soliciting purchase offers, is attached to this Complaint as Exhibit 10.

### Harm to Plaintiffs and the General Public

60.     Defendants' unauthorized registration and/or use of the Infringing Domain Names is likely to cause confusion, mistake, and deception as to the source or origin of the Infringing Domain Names, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendants, and the Infringing Domain Names with Plaintiffs.

61.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the long-used and federally registered VERIZON Marks and VERIZON FIOS Marks.

62.     Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

## FIRST CAUSE OF ACTION
### [Cybersquatting on the VERIZON Marks and the VERIZON FIOS Marks
### Under 15 U.S.C. § 1125(d)]

63.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 62 as though fully set forth here.

64.     Plaintiffs are informed and believe and on that basis allege that Defendants registered, trafficked in, or used the Infringing Domain Names.

65.     The VERIZON Marks and the VERIZON FIOS Marks were distinctive and federally registered at the USPTO at the time Defendants registered and used the Infringing Domain Names.

66.     The Infringing Domain Names are confusingly similar to the VERIZON Marks and the VERIZON FIOS Marks.

67.     Plaintiffs are informed and believe and on that basis allege Defendants registered, trafficked in, or used the Infringing Domain Names in bad faith and with the intent to profit from the goodwill long established by Plaintiffs in the VERIZON Marks and the VERIZON FIOS Marks.

68.     Defendants do not have any intellectual property rights or any other rights in the VERIZON Marks or the VERIZON FIOS Marks.

69.     Plaintiffs are informed and believe and on that basis allege that none of the Infringing Domain Names consist of the legal name of the Defendants, nor a name that is otherwise commonly used to identify the Defendants.

70.     Plaintiffs are informed and believe and on that basis allege that none of the Defendants have made any prior use of any of the Infringing Domain Names in connection with the *bona fide* offering of any goods or services.

71.     Plaintiffs are informed and believe and on that basis allege that none of the Defendants have made any *bona fide* fair use of the VERIZON Marks or the VERIZON FIOS Marks on a website accessible under any of the Infringing Domain Names.

72.     Plaintiffs are informed and believe and on that basis allege that Defendants registered and used the Infringing Domain Names to divert consumers from Verizon's website to a website accessible under the Infringing Domain Names for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

73.     Plaintiffs are informed and believe and on that basis allege that Defendants offered to transfer, sell, or otherwise assign the Infringing Domain Names for financial gain without having used, or having an intent to use, the Infringing Domain Names in the *bona fide* offering of any goods or services.

74.     Plaintiffs are informed and believe and on that basis allege that Defendants intentionally provided material and misleading false contact information for some of the Infringing Similar Domain Names.

75.     Plaintiffs are informed and believe and on that basis allege that Defendants have registered multiple domain names which Defendants knew were identical or confusingly similar to marks of others that are distinctive at the time of the registration of the confusingly similar domain names.

76.     Defendants' registration, trafficking in, or use of the Infringing Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

77.    By reason of Defendants' acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

78.    By reason of Defendants' acts alleged herein, Plaintiffs are entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

79.    This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
**[Trademark Infringement of the VERIZON Marks and**
**the VERIZON FIOS Marks Under 15 U.S.C. § 1114(1)]**

80.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 79 of this Complaint as though fully set forth here.

81.    Plaintiffs are informed and believe and on that basis allege that Defendants' use in commerce of the VERIZON Marks, the VERIZON FIOS Marks and the Infringing Domain Names and the websites and pop-up and pop-under advertisements displayed at the Infringing Domain Names, is likely to cause confusion, mistake, and to deceive.

82.    Plaintiffs are informed and believe and on that basis allege that Defendants' use of the VERIZON Marks, the VERIZON FIOS Marks and the Infringing Domain Names is likely to cause initial interest confusion among the general public.

83.    Plaintiffs are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Infringing Related Domain Names.

84.     The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiffs to relief.

85.     Defendants have unfairly profited from the infringing actions alleged.

86.     By reason of Defendants' acts, Plaintiffs have suffered damage to the goodwill associated with the VERIZON Marks and the VERIZON FIOS Marks.

87.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their long-used and federally registered VERIZON Marks and VERIZON FIOS Marks.

88.     Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

89.     By reason of Defendants' acts, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

90.     By reason of Defendants' willful acts, Plaintiffs are entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

91.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
### [False Designation of Origin of the VERIZON Marks and
### the VERIZON FIOS Marks Under 15 U.S.C. § 1125(a)]

92.     Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 91 this Complaint as though fully set forth here.

93.     Plaintiffs are informed and believe and on that basis allege that Defendants' use in commerce of the VERIZON Marks, the VERIZON FIOS Marks and the Infringing Domain

Names is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Verizon Related Domain Names and the websites and pop-up and pop-under advertisements displayed at the Verizon Related Domain Names are authorized, sponsored or approved by or are affiliated with Plaintiffs.

94.    Plaintiffs are informed and believe and on that basis allege that Defendants' use of the VERIZON Marks, the VERIZON FIOS Marks and the Infringing Domain Names is likely to cause initial interest confusion among the general public.

95.    Plaintiffs are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Infringing Related Domain Names.

96.    The above-described acts of Defendants constitute trademark infringement of the VERIZON Marks and VERIZON FIOS Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

97.    Defendants have unfairly profited from the actions alleged.

98.    By reason of Defendants' acts alleged herein, Plaintiffs have suffered damage to the goodwill associated with the VERIZON Marks and the VERIZON FIOS Marks.

99.    Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their long-used VERIZON Marks and VERIZON FIOS Marks.

100.    Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

101.    By reason of Defendants' acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

102.    By reason of Defendants' willful acts, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

103.    This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
### [Dilution of the VERIZON Marks Under 15 U.S.C. § 1125(c)]

104.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 103 of this Complaint as though fully set forth here.

105.    Plaintiffs are informed and believe and on that basis allege that the VERIZON Marks are famous, as that term is used in 15 U.S.C. § 1125(c), and were famous before Defendants' use of the VERIZON Marks and the Infringing Domain Names in commerce, based on, among other things, the inherent distinctiveness and federal registration of the VERIZON Marks and the extensive, and exclusive nationwide use, advertising, promotion, and recognition of the Verizon Marks.

106.    Plaintiffs are informed and believe and on that basis allege that Defendants' use of the VERIZON Marks and the VERIZON Related Domain Names in commerce is likely to cause dilution by blurring or dilution by tarnishment of the VERIZON Marks.

107.    Plaintiffs are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Infringing Related Domain Names.

108.    The above-described acts of Defendants constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling Plaintiffs to relief.

109.    Defendants have unfairly profited from the actions alleged.

110.    By reason of Defendants' acts, Plaintiffs have suffered damage to the goodwill associated with the VERIZON Marks and have suffered irreparable harm.

111.    By reason of Defendants' acts, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

112.    By reason of Defendants' willful acts, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

113.    This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### FIFTH CAUSE OF ACTION
### [Dilution of the VERIZON Marks Under Texas Bus. & Co. Code § 16.29]

114.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 113 of this Complaint as though fully set forth here.

115.    Defendants' willfully and knowingly used the VERIZON Marks and the VERIZON Related Domain Names in connection with their businesses, and have injured and will, unless enjoined by this Court, continue to cause injury to Plaintiffs' business reputation.

116.    Plaintiffs are informed and believe and on that basis allege that Defendants' use dilutes the distinctive quality of the famous VERIZON Marks in violation of Texas Bus. & Comm. Code Ann. § 16.29, and Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### [Trademark Infringement of the VERIZON Marks and
### the VERIZON FIOS Marks Under Texas Common Law]

117.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 116 of this Complaint as though fully set forth here.

118.    This cause of action arises under the common law of the State of Texas.

119.    Defendants, by their acts, have infringed upon Plaintiffs' common law rights in the VERIZON Marks and VERIZON FIOS Marks, and will continue to do so unless enjoined by this Court.

120.    Defendants' infringement of the VERIZON Marks and VERIZON FIOS Marks has caused and will continue to cause actual damage to Plaintiffs.

121.    Defendants' acts of infringement are intentional and willful.

122.    Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### [Unfair Competition Under Texas Common Law]

123.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 122 of this Complaint as though fully set forth here.

124.    This cause of action arises under the common law of the State of Texas.

125.    Defendants, by their actions, have unfairly competed with Plaintiffs and have infringed Plaintiff's common law rights in the VERIZON Marks and VERIZON FIOS Marks, in violation of the common law of the State of Texas.

126.    Defendants' acts permit and accomplish confusion, mislead and deceive the public as to the source of origin of Defendants' goods and services, permit and accomplish pawning off of Defendants' goods and services as those of Plaintiffs, and falsely suggest a

connection between Defendants' goods and services and those of Plaintiffs, thus constituting acts of unfair competition with Plaintiffs in violation of the common law of the State of Texas.

127.    Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

128.    Plaintiffs hereby demand a trial by jury for all the issues so triable in this matter.

## REQUEST FOR RELIEF

Therefore, Plaintiffs respectfully requests judgment as follows:

1.    That the Court enter a judgment that Defendants have:

(a)    violated   the rights of Plaintiffs in the VERIZON Marks and the VERIZON FIOS Marks in violation of 15 U.S.C. § 1125(d);

(b)    infringed the rights of Plaintiffs in the VERIZON Marks and the VERIZON FIOS Marks in violation of 15 U.S.C. § 1114(1);

(c)    violated the rights of Plaintiff in the VERIZON Marks and the VERIZON FIOS Marks in violation of 15 U.S.C. § 1125(a);

(d)    violated the rights of Plaintiff in the VERIZON Marks in violation of 15 U.S.C. § 1125(c);

(e)    violated  the rights of Plaintiff in the VERIZON Marks in violation of Texas Bus. & Comm. Code Ann. § 16.29; and

(f)    infringed the rights of Plaintiffs in the VERIZON Marks and the VERIZON FIOS Marks in violation of the common law;

2.    That Defendants be ordered to transfer every domain name they own which is identical or confusingly similar to the VERIZON Marks and/or the VERIZON FIOS Marks to Plaintiffs;

3.     That Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them be preliminarily and permanently enjoined from the following activities:

(a)     Registering or using, in any manner, any domain name that incorporates, in whole or in part, the VERIZON Marks or the VERIZON FIOS Marks, or any name, mark or designation confusingly similar thereto;

(b)     Using any of the VERIZON Marks or the VERIZON FIOS Marks , or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendants are affiliated or associated with or sponsored by Plaintiffs;

(c)     Registering any domain name that incorporates, in whole or in part, the VERIZON Marks or the VERIZON FIOS Marks, or any name, mark or designation confusingly similar thereto;

(d)     Registering any domain name using an automated process;

(e)     Registering any domain name without providing complete and accurate contact information, including Defendants' full legal name as the registrant, and not maintaining complete and accurate contact information, including Defendants' full legal name as the registrant; and

(f)     Practicing trademark infringement, trademark dilution, unfair competition, false designation of origin, passing off, false advertising, against Plaintiffs or misappropriation of Plaintiffs trademark rights; and

(g)     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 3(a) through 3(f) above;

4.     That Defendants be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above;

5.     That Defendants be ordered to account to Plaintiffs for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

6.     That Defendants be ordered to pay damages, and that those damages be trebled, under 15 U.S.C. § 1117;

7.     That Defendants be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, in an amount of One Hundred Thousand Dollars ($100,000) per domain name infringement;

8.     That Defendants be ordered to pay Plaintiffs' reasonable attorney fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117, and under the common law;

9.     That Defendants be ordered to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants; and

10.    That Plaintiffs be awarded such other relief as may be appropriate.

Respectfully submitted,

BAKER BOTTS LLP


By:_____/s/ David C. Searle_____
       David C. Searle
       State Bar No. 24041890
       S.D. Tex. Bar No. 37231
       Aaron M. Streett (admission pending)
       State Bar No. 24037561
       One Shell Plaza
       910 Louisiana Street
       Houston, TX  77002-4995
       Telephone: (713) 229-1394
       Telecopier: (713) 229-7794

ATTORNEY-IN-CHARGE FOR PLAINTIFFS
VERIZON NORTH INC.; GTE SOUTHWEST
INCORPORATED D/B/A VERIZON
SOUTHWEST; VERIZON WIRELESS TEXAS,
LLC D/B/A VERIZON WIRELESS; VERIZON
TRADEMARK SERVICES LLC; and
VERIZON LICENSING COMPANY

OF COUNSEL:

David J. Steele (pro hac vice motion pending)
Howard A. Kroll (pro hac vice motion pending)
CHRISTIE, PARKER & HALE, LLP
3501 Jamboree Road, Suite 6000-North Tower
Newport Beach, CA  92660
Telephone: (949) 476-0757
Facsimile: (949) 476-8640


John Thorne (pro hac vice motion pending)
VERIZON CORPORATE SERVICES GROUP INC.
Sarah B. Deutsch (pro hac vice motion pending)
VERIZON CORPORATE SERVICES CORP.
1515 North Court House Road, Suite 500
Arlington, VA  22201
Telephone: (703) 351-3044
Facsimile: (703) 351-3670