**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VERIZON NORTH INC.; <br> GTE SOUTHWEST INCORPORATED d/b/a <br> VERIZON SOUTHWEST; <br> VERIZON WIRELESS TEXAS, LLC d/b/a <br> VERIZON WIRELESS; <br> VERIZON TRADEMARK SERVICES LLC; <br> And VERIZON LICENSING COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> INTERNET REIT, INC. d/b/a IREIT, INC.; <br> and DOMAIN MARKETPLACE, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 4:07-cv-996 |

## IREIT'S ORIGINAL ANSWER

Defendant Internet REIT, Inc. ("IReit") hereby responds and answers Plaintiffs' Complaint for Cybersquatting, Trademark Infringement, False Designation of Origin, Dilution, and Unfair Competition ("Complaint") as follows:

1.  IReit admits that Plaintiffs have asserted claims under 15 U.S.C. § 1125(d), 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), and section 16.29 of the Texas Business & Commerce Code, as well as claims of trademark infringement and unfair competition under Texas common law. IReit denies liability under the same. IReit further admits that this Court has subject matter jurisdiction. Otherwise, Denied.

2.  IReit admits that this Court has supplemental jurisdiction over Plaintiffs' state law claims, although IReit notes that such jurisdiction is discretionary. Otherwise, Denied.

3.  IReit admits that venue in the Southern District of Texas is proper. Otherwise, Denied.

1

4. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 4 of the Complaint and therefore denies the same.

5. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 5 of the Complaint and therefore denies the same.

6. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 6 of the Complaint and therefore denies the same.

7. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 7 of the Complaint and therefore denies the same.

8. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 8 of the Complaint and therefore denies the same.

9. IReit admits that IReit is a Delaware corporation with its principal offices in Houston, Texas, and that this Court has personal jurisdiction over IReit. IReit denies the other allegations in paragraph 9 of the Complaint.

10. Denied. DomainMarketPlace.com LLC was a Florida LLC and was merged with and into Defendant IReit.

11. IReit admits that there are "Verizon Companies" that provide a variety of telecommunications goods and services, and that they are large and well-known, but IReit is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 11 of the Complaint and therefore denies the same.

12. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 12 of the Complaint and therefore denies the same.

13. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 13 of the Complaint and therefore denies the same.

14. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 14 of the Complaint and therefore denies the same.

15. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 15 of the Complaint and therefore denies the same.

16. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 16 of the Complaint and therefore denies the same.

17. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 17 of the Complaint and therefore denies the same.

18. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 18 of the Complaint and therefore denies the same.

19. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 19 of the Complaint and therefore denies the same.

20. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 20 of the Complaint and therefore denies the same.

21. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 21 of the Complaint and therefore denies the same.

22. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 22 of the Complaint and therefore denies the same.

23. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 23 of the Complaint and therefore denies the same.

24. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 24 of the Complaint and therefore denies the same.

25. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 25 of the Complaint and therefore denies the same.

26. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 26 of the Complaint and therefore denies the same.

27. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 27 of the Complaint and therefore denies the same.

28. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 28 of the Complaint and therefore denies the same.

29. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 29 of the Complaint and therefore denies the same.

30. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 30 of the Complaint and therefore denies the same.

31. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 31 of the Complaint and therefore denies the same.

32. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 32 of the Complaint and therefore denies the same.

33. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 33 of the Complaint and therefore denies the same.

34. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 34 of the Complaint and therefore denies the same.

35. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 35 of the Complaint and therefore denies the same.

36. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 36 of the Complaint and therefore denies the same.

37. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 37 of the Complaint and therefore denies the same.

38. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 38 of the Complaint and therefore denies the same.

39. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 39 of the Complaint and therefore denies the same.

40. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 40 of the Complaint and therefore denies the same.

41. IReit admits that it owns thousands of domain name registrations. Otherwise, Denied.

42. IReit admits that it has used from time to time in the past an automated process to register domain names which were available for registration by the general public, but IReit no longer uses an automated process to do so. Otherwise, Denied.

43. Denied.

44. Denied. IReit notes that many domain names are registered in connection with services who keep the registrant's name and contact information confidential. IReit believes that the domain names owned by IReit have correct contact information.

45. IReit has in the past contracted with third parties, primarily Google Inc., to provide links and advertising on web pages at the domain names complained of by Plaintiffs, but note that no such pages, links or advertising are currently being provided by IReit or others on behalf of Defendant. IReit further notes that IReit has transferred control over the domain name

registrations complained of to Plaintiffs through Plaintiffs' counsel of record. Otherwise, Denied.

46. IReit has in the past contracted with third parties, primarily Google Inc., to provide links and advertising on web pages at the domain names complained of by Plaintiffs, but notes that no such pages, links or advertising are currently being provided by IReit or others on behalf of Defendant. IReit further notes that IReit has transferred control over the domain name registrations complained of to Plaintiffs through Plaintiffs' counsel of record. Otherwise, Denied.

47. IReit has in the past contracted with third parties, primarily Google Inc., to provide links and advertising on web pages at the domain names complained of by Plaintiffs, but notes that no such pages, links or advertising are currently being provided by IReit or others on behalf of Defendant. IReit further notes that IReit has transferred control over the domain name registrations complained of to Plaintiffs through Plaintiffs' counsel of record. Otherwise, Denied.

48. IReit has in the past contracted with third parties, primarily Google Inc., to provide links and advertising on web pages at the domain names complained of by Plaintiffs, but notes that no such pages, links or advertising are currently being provided by IReit or others on behalf of Defendant. After investigation, IReit admits that it received a relatively small amount of revenues from third parties for users' accessing of ads or links at such web pages. IReit further notes that IReit has transferred control over the domain name registrations complained of to Plaintiffs through Plaintiffs' counsel of record. Otherwise, Denied.

49. IReit admits that it offers for sale a number of domain name registrations, but denies that the domain name registrations complained of are for sale. IReit has transferred

control of the domain names complained of to Plaintiffs through Plaintiffs' counsel of record in this action. Otherwise, Denied.

50. Admitted.

51. IReit admits that it has in the past owned the domain names listed in paragraph 51 of the Complaint, but denies that they are confusingly similar to Plaintiffs' marks. IReit further notes that it has transferred control of the domain names complained of to Plaintiffs' counsel.

52. Denied. IReit notes that many domain names are registered in connection with services who keep the registrant's name and contact information confidential. IReit believes that the domain names owned by IReit have correct contact information.

53. IReit admits that in the past it has registered a relatively limited number of domain names for short periods, but denies that it has done so recently and further denies that it has done so with respect to the complained of domain names.

54. Denied.

55. Denied.

56. IReit admits that it arranged for another service provider, primarily Google Inc., to host websites at various domain names and that certain of those sites had links to advertiser websites, but otherwise Denied.

57. IReit admits that certain ads appeared on users' computer screens when they accessed certain websites at certain of the complained of domain names, but IReit notes that no such ads appear any longer at Defendant's websites. As previously noted, IReit has transferred control of the complained of domain names to Plaintiffs' counsel of record. Otherwise, Denied.

58. IReit admits that it received a relatively small amount of revenue from users' clicking on ads and/or links appearing on screens when users accessed certain of the complained of domain names. Otherwise, Denied.

59. IReit admits that in the past it has offered to sale many domain names it owns and that it continues to do so with respect to many of its domain names. IReit denies that it offers any of the complained of domain names for sale, and further notes that IReit has transferred control of the domain names complained of to Plaintiffs' counsel of record. Otherwise, Denied.

60. Denied.

61. Denied.

62. Denied.

63. In response to paragraph 63 of the Complaint, IReit realleges and incorporates by reference IReit's responses in paragraphs 1-62 herein.

64. IReit admits that it has registered and used certain of the complained of domain names in the past, but notes that IReit has transferred control of the same to Plaintiffs' counsel of record. Otherwise, Denied.

65. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 65 of the Complaint and therefore denies the same.

66. Denied.

67. Denied.

68. IReit admits that it does not have any "intellectual property rights" in the VERIZON and VERIZON FIOS mark as IReit understands such term, but notes that trademark rights are not rights "in gross" and that anyone – including IReit – has the right to lawfully use another's trademark in certain ways. Otherwise, Denied.

8

69. IReit admits that none of the domain names complained of include its name. Otherwise, Denied.

70. IReit admits that the goods and services offered in connection with the use of the domain names complained of were offered via advertising by IReit's service providers, such as Google Inc. Otherwise, Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. In response to paragraph 80 of the Complaint, IReit hereby realleges and incorporates by reference its responses in paragraphs 1-79 above.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. In response to paragraph 92 of the Complaint, IReit hereby realleges and incorporates by reference its responses in paragraphs 1-91 above.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. In response to paragraph 104 of the Complaint, IReit hereby realleges and incorporates by reference its responses in paragraphs 1-103 above.

105. IReit is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 105 of the Complaint and therefore denies the same.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. In response to paragraph 114 of the Complaint, IReit hereby realleges and incorporates by reference its responses in paragraphs 1-113 above.

115. Denied.

116. Denied.

117. In response to paragraph 117 of the Complaint, IReit hereby realleges and incorporates by reference its responses in paragraphs 1-116 above.

118. IReit admits that Plaintiffs allege that their state law claim for trademark infringement arises under Texas state law, but otherwise Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. In response to paragraph 123 of the Complaint, IReit hereby realleges and incorporates by reference its responses in paragraphs 1-122 above.

124. IReit admits that Plaintiffs allege that their state law claim for unfair competition arises under Texas state law, but otherwise Denied.

125. Denied.

126. Denied.

127. Denied.

128. Paragraph 128 of the Complaint states that Plaintiffs demand a jury trial, and requires no response from IReit, as it does not allege any facts.

129. To the extent any allegation in the Complaint is not expressly admitted or denied above, it is hereby Denied.

## ADDITIONAL DEFENSES

1. Prior to the filing of this action, IReit did not receive a request or demand from any of the Plaintiffs regarding any of the domain names complained of by Plaintiffs. Upon learning of this action, IReit promptly ceased allowing any advertising at any such domains and offered to transfer to all such domains to Plaintiffs free of charge. Despite Plaintiffs' failure to demand or request the transfer of such domains to Plaintiffs in response to such offer, or provide any instructions as to how Plaintiffs might wish such a transfer, IReit nonetheless promptly transferred the domain names to Plaintiffs by providing Plaintiffs' counsel of record with control over such domain names.

2. IReit's use of the complained of domain names has not, upon information and belief, resulted in a likelihood of confusion or any dilution of any of Plaintiffs' marks. On information and belief, Plaintiffs have not suffered any damages as a result of any of IReit's actions. On information and belief, Plaintiffs have not taken steps to mitigate their damages, if any.

3. On information and belief, some or all of Plaintiffs' claims and/or remedies are barred by unclean hands, laches, estoppel, and/or limitations.

4.  Plaintiffs are not entitled to some or all of the relief requested in the Complaint, such as (and without limitation) relief unlimited and unrelated to any trademark rights of any of the Plaintiffs, such as the use of automated processes to register domain names, providing contact information to domain registrars, and as to activities which are protected by the First Amendment of the United States Constitution and/or the Texas Constitution

## PRAYER FOR RELIEF

IReit requests that all relief requested by Plaintiffs be denied, that a take-nothing judgment be entered in favor of Defendant IReit, that IReit be awarded its costs, and that Defendant IReit receive such further and other relief, at law and at equity, to which it shows itself to be entitled.

Respectfully submitted,

/s/ Steve Borgman
Steven R. Borgman
State Bar No. 02670300
S.D. ID No. 9042
Attorney-in-Charge
VINSON & ELKINS L.L.P.
2300 First City Tower
1001 Fannin St.
Houston, TX 77002-6760
Phone:  713.758.2002
Facsimile:  713.615.5758
Email:  sborgman@velaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on the 25th day of May, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule LR 5.1, and by certified mail, return receipt requested, addressed to David C. Searle, Baker Botts LLP, One Shell Plaza, 910 Louisiana Street, Houston, TX 77002-4995.

                                                /s/ Steve Borgman

Houston 3272659v.1